UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| DERRICK LORICK, JR, | ) |
|                                 Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| POLICE OFFICER COLLIN MILLER AND POLICE OFFICER | ) |
| | ) |
| EDWIN ACKEN, | ) |
| | ) |
|  Individually, | ) |
| | ) |
| And as Employees of the City of Poughkeepsie Police Department, | ) |
| | ) |
| | ) |
|             Defendants. | ) |

**COMPLAINT**
**JURY TRIAL**
**DEMANDED**
**CIVIL ACTION No. :**

_____


Plaintiff, DERRICK LORICK Jr., by and through his attorney, Ryanne Konan, hereby affirms to the best of his knowledge, under the pains and penalties of perjury, as and for his First Complaint in this action against the Defendants   OFFICER EDWIN ACKEN AND OFFICER COLLIN MILLER as follows:

### <u>NATURE OF CLAIMS</u>

1.  Plaintiff in the above captioned matter was a victim of false imprisonment, excessive force, assault, battery, and   malicious prosecution, when  officers Miller and Acken  arrested, assaulted and battered, and used a taser on Plaintiff on August 31, 2019, without probable cause and maliciously prosecuted Plaintiff.


2.  The officers maliciously prosecuted Plaintiff in the City of Poughkeepsie City Court without probable cause and knowing that the accusatory instruments were facially insufficient to support the charges.

1

3.  Accordingly, this action is brought to remedy a violation of Plaintiff's Constitutional Rights actionable under 42 U.S.C. §1983.

## JURISDICTION AND VENUE

4.  This action arises under the Fourth Amendment of the United States Constitution actionable under 42 U.S.C. § 1983.

5.  This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1343(a)(3) and (4), and 1367(a).

6.  Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

7.  Derrick Lorick is a citizen of United States residing at 45 Pappas Lane, Wappingers Falls, NY 12590.

8.  Defendant Edwin Acken was a police officer at the City of Poughkeepsie Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer Edwin Acken had an office at 62 Civic Center Plaza, Poughkeepsie, New York 12601.

9.  Defendant Collin Miller was a police officer at the City of Poughkeepsie Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer Collin Miller had an office at 62 Civic Center Plaza, Poughkeepsie, New York 12601.

**FACTUAL ALLEGATIONS**

10. Derrick Lorick Jr was born on February 25, 1989. Before his arrest of August 31, 2020, Plaintiff resided and still resides at 45 Pappas Lane, Wappingers Falls, New York.  Plaintiff is self-employed, and own his own business.

11. On August 31, 2019, around 3:00 AM, Plaintiff was in the City of Poughkeepsie in front of a night club located on Academy Street, in Poughkeepsie, New York.  Plaintiff was leaving the area due to an altercation involving several individuals, when a marked police patrol car occupied by Officer Acken and Officer Miller made a stop on  Academy Street, in Poughkeepsie. The officers exited the police patrol car, and started chasing Plaintiff.  Officer Miller deployed his taser, which caused Plaintiff to fall on the ground, unable to move. Then Officer Miller and Acken got on top of Plaintiff, thereby assaulting Plaintiff with their fists several times. The officers handcuffed Plaintiff, and proceeded to his arrest.

12. Upon information and belief, Plaintiff was arrested without a warrant.

13. Plaintiff was arraigned on August 31, 2019 in Poughkeepsie City Court, on the felony complaint of Criminal Possession of Controlled Substance in the Fifth Degree in violation of New Yok Penal Law Section (NYPL) 220.06, Criminal Possession of Controlled Substance in the Third Degree in violation of NYPL 220.16, two counts of Criminal Possession of Controlled Substance in the Seventh Degree in violation of NYPL 220.03,  Resisting Arrest in violation of NYPL 205.30,

Disorderly Conduct in violation of NYPL 240.20, Unlawful Possession of Marijuana in violation of NYPL 221.05.

14. Plaintiff was confined from August 31, 2019 to September 30, 2019. Plaintiff bailed out, and was prevented from leaving the State of New York by the Court.

15. On September 5, 2019, a preliminary hearing was held, and the local court ruled that there was reasonable cause to believe that Plaintiff had committed a felony.

16. However, the People never indicted Plaintiff, and all criminal charges were dismissed on September 09, 2020.

17. The Court dismissed the charges under New York Criminal Procedure and Law (CPL) 170.30 on September 09, 2020. Plaintiff did not ask for mercy nor did Plaintiff ask for the dismissal.

18. That all charges against Plaintiff were dismissed in a manner that the charges cannot be brought again.

### FOR THE FIRST CAUSE OF ACTION BASED ON MALICIOUS PROSECUTION
42 U.S.C. § 1983
(Against Police Officers Edwin Acken and Collin Miller)

19. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1-18 of this Complaint with the same force and effect as if fully set forth herein.

20. By its acts and practices described above, Defendants Police Officers Edwin Acken and Collin Miller deprived  Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of  42 U.S.C. § 1983, including, without limitation, rights guaranteed by the Fourth Amendment of the United States Constitution, by, *inter alia* : malicious prosecution,  thereby causing Plaintiff  serious emotional harm, humiliation, deprivation of liberty, loss of opportunity of employment, career, and education opportunity, loss of wage, and legal expenses.

21. That Plaintiff was wrongfully and intentionally and maliciously prosecuted by the Police Officers Edwin Acken and Collin Miller.

22. That the charges against Plaintiff were baseless, and the information was without probable cause.

23. That Plaintiff was arraigned in the City of Poughkeepsie City Criminal Court on August 31, 2019.

24. That Plaintiff's prosecution was commenced on August 31, 2019.

25. That the officers knew that Plaintiff had not sold nor possessed any drugs, controlled substance, nor did Plaintiff resist arrest or exhibit any disorderly conduct.

26. That Plaintiff was leaving the area and did not prevent the officers from effecting their duties.

27. That Plaintiff did not engage in any kind of violence nor did Plaintiff proffer any threat against the officers.

28. That the criminal proceeding against Plaintiff terminated in a manner that the proceeding cannot be brought again.

29. That the criminal proceeding terminated in favor of Plaintiff on September 09, 2020.

30. That the arrest of August 31, 2019 of Plaintiff was not based on probable cause.

31. That the officers acted with malice because there was no probable cause of Plaintiff's arrest.

32. That the officers commenced criminal prosecution against Plaintiff with malice and did not have probable cause to arrest Plaintiff.

33. That Plaintiff was arraigned on two felony charges, three misdemeanor charges, and two violations charges.

34. That Plaintiff was not in possession of any drugs.

35. That the officers acted with malice and in bad faith.

36. That Police Officers provided affidavits, reports, information in bad faith that supported Plaintiff's malicious prosecution.

37. That Defendants prosecuted Plaintiff without probable cause.

38. That the initiation and continuation of prosecution proceedings against Plaintiff were malicious.

39. That Defendants knew that by providing false testimony to sustain Plaintiff's prosecution was an act against laws of the Unites States.

40. That Defendants are not entitled to qualify immunity.

41. That the Officer Defendants deprived Plaintiff of the constitutional rights secured by the Fourth and 42 U.S.C. § 1983, and took numerous overt steps in furtherance of such deprivation by maliciously prosecuting Plaintiff without probable cause.

42. In taking the actions complained of in the foregoing paragraphs, the Office Defendants acted under pretense and color of state law, in their individual and official capacities, and within the scope of their respective employments as City of Poughkeepsie Police Department Officers.

43. The Officer Defendants' actions were without authority of law and were an abuse of the Officer Defendants, and the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his rights under the Fourth Amendments of the United States Constitution as made actionable by 42 U.S.C. § 1983.

44. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

45. As a direct and proximate result of Defendants'  malicious prosecution, Plaintiff has suffered physical and reputational injury, loss of wages, loss of job opportunity, loss of education opportunity, loss of career opportunity, attorney's fees, severe emotional harm.

46. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

## FOR THE SECOND CAUSE OF ACTION BASED ON FALSE ARREST
42 U.S.C. § 1983
(Against   Police Officers Edwin Acken and Collin Miller)

47. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 19-46 of this Complaint with the same force and effect as if fully set forth herein.

48. By its acts and practices described above, Defendants, Police Officers Edwin Acken and Collin Miller deprived  Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of  42 U.S.C. § 1983, including, without limitation, rights guaranteed by the Fourth,  and Fourteenth Amendments to the United States Constitution, by, *inter alia* : false arrest,  thereby causing Plaintiff  serious emotional harm, humiliation, deprivation of liberty, and legal expenses.

49. That at all times herein after mentioned Defendants wrongfully and intentionally detained and falsely arrested Plaintiff in the City of Poughkeepsie, New York.

50. That Police Officers Edwin Acken and Collin Miller, detained, arrested Plaintiff and placed Plaintiff under arrest in the City of Poughkeepsie.

51. That Plaintiff was falsely arrested when Plaintiff was stopped on Cannon Street, Poughkeepsie, and prevented from leaving on August 31, 2019.

52. That Plaintiff was confined from August 31, 2019 to September 10, 2019.

53. That Plaintiff's freedom was restricted from August 31, 2019 until the date of September 16,2020 when the charges were dismissed.

54. That Police Officers Collin Miller deployed his taser on Plaintiff, and then, both officers jumped on top of Plaintiff while he was on ground. Police Officers Edwin Acken and Collin Miller assaulted Plaintiff, and handcuffed him.

55. That Plaintiff was arrested without probable cause.

56. That Plaintiff was conscious of the confinement, and Plaintiff did not consent to the confinement. Plaintiff stated that he was innocent and should not be arrested, and refused to go with the officers.

57. That the Officer Defendants put Plaintiff into handcuffs.

58. That the Officer Defendants used a taser on Plaintiff more than once.

59. That the Officer Defendants intended to arrest Plaintiff.

60. That Plaintiff did tell the officers that he did nothing wrong and was just going his way.

61. That Plaintiff was conscious of the confinement.

62. That Plaintiff had not committed any crime against others or against himself.

63. That the confinement was not otherwise privilege.

64. That Plaintiff was arrested without a warrant.

65. That the officers acted extra judicially.

66. That all criminal charges filed against Plaintiff were dismissed on September 9, 2020.

67. That Plaintiff's arrest was unlawful.

68. That the officers are not entitled to qualify immunity.

69. The wrongful, unjustifiable, and unlawful apprehension, detention, imprisonment of Plaintiff was carried out without a warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion that Plaintiff had or was about to commit a crime .

70. That Plaintiff was arrested in violation of the rights guaranteed to Plaintiff under the Fourth Amendment of the United States Constitution.

71. That the Officer Defendants deprived Plaintiff of the constitutional rights secured by the Fourth Amendment made actionable under 42 U.S.C. § 1983, and took numerous overt steps in furtherance of such deprivation of Plaintiff's rights without probable cause.

72. In taking the actions complained of in the foregoing paragraphs, the Officer Defendants acted under pretense and color of state law, in their individual and official capacities, and within the scope of their respective employment as Poughkeepsie Police Department Officers.

73. The Officer Defendants' actions were without authority of law and were an abuse of the Officer Defendants, and the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his rights under the Fourth Amendments of the United States Constitution as made actionable by 42 U.S.C. § 1983.

74. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

75. As a direct and proximate result of Defendants' false arrest, Plaintiff has suffered physical and reputational injury, attorney's fees, severe emotional harm.

76. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

**FOR THE THIRD CAUSE OF ACTION BASED ON EXCESSIVE USED OF FORCE**
Excessive  Use of Force
42 U.S.C. § 1983
(Police Officers Edwin Acken and Collin Miller)

77. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 47-76 of this Complaint with the same force and effect as if fully set forth herein.

78.   That Officer Defendants used a taser on Plaintiff.

79.    That Plaintiff was leaving the area of Cannon Street, in Poughkeepsie, was not armed, and did not pose a threat to the Officer Defendants nor did Plaintiff pose a threat to the public or to himself.

80.    That the Officer Defendants used an amount of force on Plaintiff that was over the amount of force necessary to subdue Plaintiff.

81.    That Plaintiff had not resisted to the Officers and was leaving.

82.    That Officer Defendants tasered Plaintiff more than once.

83.    That the officers did not have to use a taser on Plaintiff.

84.    That the officers used their fists and hit Plaintiff several times.

85.    That the officers assaulted and battered Plaintiff and used unnecessary and excessive force against Plaintiff.

86. That as a result of the breach of Plaintiff's constitutional rights, Plaintiff has suffered physical and reputational injury, attorney's fees, severe emotional harm.

87. By Using unnecessary and excessive force on Plaintiff, the Officer Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every Citizen of the United States under the United State Constitution.

## **FOR THE FOURTH CAUSE OF ACTION BASED ON ASSAULT**

(Police Officers Edwin Acken and Collin Miller)

88. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 77-87 of this Complaint with the same force and effect as if fully set forth herein.

89. That individual Officer Defendants wrongfully and illegally placed the Plaintiff in apprehension of imminent harmful and offensive bodily contact.

90. That the Officer Defendants had bodily contact with Plaintiff.

91. That the Officer Defendants stopped Plaintiff on cannon Street, Poughkeepsie.

92. That the officers used a taser on Plaintiff.

93. That the officers put Plaintiff in handcuffs.

94. That the use of a taser and handcuffs on Plaintiff was offensive, and harmful.

95. That the Officer Defendants used their fists and hit Plaintiff several times in the face and back of Plaintiff.

96. That Plaintiff did not consent to the contact.

97. That Plaintiff honestly believed that the officers were going to harm him when officers came after Plaintiff on Cannon Street, Poughkeepsie.

98. That the officers put Plaintiff in imminent fear when the officers stopped Plaintiff, and detained Plaintiff on the Cannon Street.

99. That all times herein after mentioned Officer Defendants wrongfully and intentionally detained and imprisoned Plaintiff, assaulted Plaintiff.

100.   As a result of Defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

101.   That the officers acted extra judicially.

## FOR THE FIFTH CAUSE OF ACTION BASED ON BATTERY
(Police Officers Edwin Acken and Collin Miller)

102.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 88-101 of this Complaint with the same force and effect as if fully set forth herein.

103.   That the Officer Defendants had contact with Plaintiff.

104.   That the contact was harmful.

105.   That the Officer Defendants touched Plaintiff by using a taser on Plaintiff.

106.   That the Officer Defendants touched Plaintiff by putting Plaintiff in handcuffs.

107.   That the Officer Defendants used their fists and hit Plaintiff numerous times.

108.   That Plaintiff was harmed.

109.   That the contact was harmful and offensive.

110.   That the officers intended to make the contact without Plaintiff's consent.

111.   That the officers did not have to use a taser nor did they need to hit Plaintiff.

112.   That the officers did not need to handcuff Plaintiff.

113.   That the contact with Plaintiff was offensive, and wrongful under all the circumstances.

114.   That the Officer Defendants did so without privilege or consent from Plaintiff.

115.   Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

116.   That Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as City of Poughkeepsie Police Department. Said acts were beyond the scope of their employment, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by the United States  Constitution.

117.   As a direct and proximate result of the misconduct and abuse of authority alleged in detail above, Plaintiff sustained the damages alleged herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

a) Awarding compensatory damages for all physical and emotional distress, anxiety, humiliation, injury to reputation, emotional harm, pain and suffering, family and social disruption and other grievous harm, in an amount to be determined at trial;

b) Awarding compensatory damages for all economic loss in an amount to be determined at trial;

c) Awarding punitive damages in an amount to be determined at trial; and

d) Granting pre-and post-judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems necessary and proper.

## **JURY TRIAL DEMAND**

A jury trial is hereby demanded on all issues.

Dated:  At Wappingers Falls, New York
         April 2, 2021

By:      ryannekonan
         Ryanne Konan, Esq.
         4 Marshall Road, Suite 248
         Wappingers Falls, NY 12590
         Tel: (845) 309-3432
         Fax: (845) 231-0508